IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 21, 2005

## ELIZABETH SOWELL NEEDHAM v. CHAD DEARMAN

**Appeal from the Juvenile Court for Dickson County**
**No. 07-97-005-M     A. Andrew Jackson, Judge**

_____

**No. M2004-02031-COA-R3-JV - Filed January 5, 2006**

_____

Plaintiff appeals from failure of the trial court to allow interest on a child support arrearage judgment pursuant to T.C.A. § 36-5-101(A)(5). The judgment of the trial court is reversed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court Reversed**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which PATRICIA J. COTTRELL and FRANK G. CLEMENT, JR., JJ., joined.

Jim Sowell, Dickson, Tennessee, for the appellant, Elizabeth Sowell Needham.

Janet S. Kelley, Dickson, Tennessee, for the appellee, Chad Dearman.

**MEMORANDUM OPINION**[1]

The only issue before the court is the refusal of the trial court to grant interest on a child support arrearage judgment in the amount of $5,045.49.

The entire responsive brief of the appellee before this court states:

---

[1]Tenn. Ct. App. R. 10 provides:

The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion, it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

## ARGUMENT

The Appellant has correctly listed the State of the Case with the exception of the Judge's Order entered July 22, 2004. The Judge allowed the interest as requested by the Appellant. However, counsel for the Appellant took issue with the language of T.C.A. Section 36-5-101(A)(5) wherein "all interest which accumulates on arrearages shall be considered child support." Defense counsel argued that the statute was ambiguous. The Court stated that the statute was clear and unambiguous and must be construed in its entirety. Attorney Sowell wrote the Order different than what the Court ordered. The Court clearly ordered the interest for the Appellant however, the Order would have to indicate the language that the interest was to be considered child support.

Attorney for the Appellant was awarded the arrears but the Court was specific in that the language in the Order would reflect that the interest which accumulates on the arrears be considered child support.

## CONCLUSION

The Order was not prepared pursuant to the Court's Orders. The Court stated that interest could accumulate, however, the interest would be considered child support.

The assertions of the appellee are meaningless on appeal as the trial court speaks through its orders and judgments.

While the trial judge appears to have made statements which were contradictory as to the reasons which prompted his action, we must accept as the true and determinative reason the one he expressly directed should be made a part of the minute entry. There are two reasons which justify this conclusion; (1) the trial judge evidently changed his mind when the substance of ground No. 3 was called to his attention, as he had a right to do, and (2) we will not presume that he entered upon the minutes a judgment which he knew was not subject to review by the appellate court, thereby inducing the plaintiff to act to his own injury. Rice-Stix Dry Goods Co. v. Self, 20 Tenn. App. 498, 101 S.W.2d 132; Chumley v. Anderton, 20 Tenn. Ap. 621, 103 S.W.2d 331. The presumption is to the contrary. The judgment derives its force from what the trial judge actually did, as shown by the minutes, which was final and conclusive as between the parties.

*Waller v. Skelton*, 211 S.W.2d 445, 448-49 (Tenn. 1948).

The part of the judgment complained of on appeal recites:

-2-

This cause was heard on the 16th day of June, 2004, before the Honorable A. Andrew Jackson, Juvenile Court Judge, Dickson County, Tennessee. At the call of the case the parties announced to the Court that all things in controversy had been compromised and settled between the parties with the exception of whether the child support arrearage should accrue interest at the rate of twelve percent (12%) per annum pursuant to T.C.A. § 36-5-101(A)(5). Upon the consideration of the statute which states as follows:

> *(5)     Any order for child support shall be a judgment entitled to be enforced as any other judgment of a court of this state and shall be entitled to full faith and credit in this state and in any other state. Such judgment shall not be subject to modification as to any time period or any amounts due prior to the date that an action for modification is filed and notice of the action has been mailed to the last known address of the opposing parties. If full amount of child support is not paid by the date upon which the ordered support is due, the unpaid amount is in arrears and shall become a judgment for the unpaid amounts and shall accrue interest from the date of the arrearage at the rate of twelve percent (12%) per annum. All interest which accumulates on arrearages shall be considered child support. Computation of interest shall not be the responsibility of the clerk.*

and the statements of counsel and the record as a whole, the Court finds that the statute should be strictly construed and the request that the arrearage accrue interest should be denied.

Appellant filed a statement of the evidence pursuant to Tenn. R. App. P. 24(c) which met with no response from the appellee. The statement of the evidence recites in its entirety:

> Pursuant to T.R.A.P. 24(c), the Plaintiff/Appellant presents the following statement of evidence and proceedings:
>
> *At the call of the case by the Court Clerk, counsel for the Plaintiff/Appellant announced to the Court that the parties had agreed to all things and matters in controversy, with the exception of whether the child support arrearage should accrue interest. The Court's immediate response was "No". At that point, Appellant's counsel presented the Court with T.C.A. 36-5-101(A)(5). The Court examined the statute and invited comments from Defendant's/Appellee's counsel. Defense counsel's theory was that the accrued interest, being considered child support, was to be added to the child support arrearage, and since it was to be treated as child support, it should then be a credit on the child support arrearage. The Court agreed with defense counsel's theory, stating that the*

-3-

*statute was ambiguous and the statute granted the accrued interest and took it away.  The Court denied the Plaintiff's request that the child support arrearage accrue interest.*

The counsel for the Plaintiff/Appellant, Jim Sowell, certifies that the foregoing Statement of Evidence is a true and accurate statement of the evidence or proceeding which occurred at the hearing on June 16, 2004, before the Honorable A. Andrew Jackson, Juvenile Court Judge for Dickson County, Tennessee.

The issue presented by the appellant is:

Whether the trial court erred in denying the Plaintiff/Appellant's request for interest to accrue on the child support arrearage, pursuant to T.C.A. 36-5-101 (A)(5).

No case authority is cited by either party and the only issue involves the meaning of the portion of T.C.A. § 36-5-101(A)(5) that provides "if full amount of child support is not paid by the date upon which the ordered support is due, the unpaid amount is in arrears and shall become a judgment for the unpaid amounts and shall accrue interest from the date of the arrearage at the rate of twelve (12%) per annum.  All interest which accumulates on arrearages shall be considered child support."

The statute is clear and unambiguous and requires no construction strict or liberal.  The child support arrearage draws 12 percent interest per annum and is declared to become child support.  No provision of the statute provides that such interest shall become a credit upon the child support arrearage.

The judgment of the trial court is reversed, and the case remanded to the Juvenile Court of Dickson County for further proceedings.

Costs of the appeal are assessed to the appellee.

_____
WILLIAM B. CAIN, J.